**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DELANO BROWN,**

               **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-1949-Orl-31DAB**

**STEPHANIE SOTO, VARISA RHYMES,**
**WILLIAM CORNAZ, THOMAS**
**WOODARD,**

               **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO SET ASIDE DEFAULT ENTERED IN STATE COURT (Doc. No. 7)** |
| **FILED:** | **November 24, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED as unnecessary**.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET ASIDE DEFAULT ENTERED IN STATE COURT (Doc. No. 13)** |
| **FILED:** | **November 26, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED as unnecessary**.

On October 23, 2008, Plaintiff filed suit *pro se* against Defendants in the Ninth Judicial Circuit in and for Orange County, Florida for civil rights claims arising from a series of incidents in which Plaintiff alleges he was charged by Defendant Orange County Deputy Sheriffs with a trespass, and

subsequently arrested at the Orange County Courthouse; he alleges that he was eventually acquitted of the trespass. Doc. No. 2. Defendants were served on October 28 and November 4, 2008. On November 17, 2008, Defendants timely filed a Notice of Removal (and consent to removal) in this Court, and served the proper notice on the clerk of the state court in compliance with 28 U.S.C. § 1446(d). Doc. No. 1. On November 20, 2008, apparently through administrative oversight[1], the state court purported to enter defaults against Defendants, even though the state court no longer had jurisdiction. Defendants now move to vacate these purported defaults.

It is unnecessary for this Court to vacate the defaults. Any default entered by the state court *after* the case had been effectively removed is without effect because the state court lost jurisdiction once the case was removed to this federal Court. "After the removal of an action from state court, the federal district court acquires *full and exclusive* subject matter jurisdiction over the litigation. The case will proceed as if it had been brought in the federal court originally." Charles Alan Wright, Arthur R. Miller, Edward Cooper, 14C FEDERAL PRACTICE AND PROCEDURE § 3738 (3d ed. 1998). Once the case was removed on November 17, 2008, this federal Court had exclusive jurisdiction; therefore, any action taken by the state court in entering default against Defendants is without effect. Moreover, no record of such defaults is part of this Court's docket.

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] According to Defendants, the state court received the Notice of Removal on November 18, 2008, but did not enter it in that court's docket until November 24, 2008. Doc. No. 13; 13-2.